UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cr-47-MOC

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) **ORDER** |
| LAWRENCE KEITH LIMON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence under 18 U.S.C. § 3582. (Doc. Nos. 51, 52). The Government opposes Defendant's motion. (Doc. No. 54).

I. **Background**

In June 2020, a federal grand jury charged Defendant with three counts of distributing child pornography, 18 U.S.C. § 2252A(a)(2)(A); receiving child pornography, 18 U.S.C. § 2252A(a)(2)(A); and possessing child pornography involving a prepubescent minor, 18 U.S.C. § 2252A(a)(5)(B). (Doc. No. 1). Defendant entered into a plea agreement with the government and pleaded guilty to one count of distribution of child pornography. (Doc. Nos. 18, 21).

The probation office submitted a presentence report, finding that the Sentencing Guidelines advised a sentence of between 151 and 188 months in prison based on a total offense level of 34 and a criminal history category of I. (Doc. No. 31 ¶ 79). At sentencing, the Court varied downward by seven offense levels, yielding an advisory guideline range of between 70 and 87 months imprisonment based on a total offense level of 27 and a criminal history category of I. (Doc. No. 42 at 3). The Court sentenced Defendant to 72 months in prison. (Doc. No. 41 at 2). Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

1

## II. Legal Standard

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Curry's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a

2

deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. (Id.).

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive

3

amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." <u>Id.</u> § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." <u>Id.</u>

### III. Analysis

The Court will deny Defendant's request for compassionate release for two reasons. First, Defendant has not shown that he exhausted his administrative remedies by first requesting compassionate release from the Bureau of Prisons. (Doc. No. 54 Ex. 3). Defendant must request compassionate release from the Bureau of Prisons before the Court can consider his § 3582(c)(1)(A) motion. Second, Defendant has not offered any evidence in support of his assertions regarding his wife's medical condition or the availability of alternative care options.

If Defendant's wife is indeed unable to care for herself, and alternative care options are in fact unavailing, then Defendant's family circumstances <u>may</u> be extraordinary and compelling for § 3582 purposes. But even if Defendant were to exhaust his administrative remedies and file a compassionate release motion accompanied by evidentiary support regarding his purported family situation, the Court would still have to weigh the 18 U.S.C. § 3553(a) factors. The Court will deny Defendant's motion without prejudice so that he may re-file with evidentiary support after exhausting his administrative remedies.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence under 18 U.S.C. § 3582 (Doc. Nos. 51, 52) is **DENIED without prejudice**.

Signed: April 26, 2024

Max O. Cogburn Jr
United States District Judge